Freihofer Baking Company v. Commissioner.
Freihofer Baking Co. v. Commissioner
Docket No. 112369.
United States Tax Court
1944 Tax Ct. Memo LEXIS 125; 3 T.C.M. (CCH) 932; T.C.M. (RIA) 44291; September 11, 1944
*125 Kenneth Souser, Esq., and Clarence L. Turner, C.P.A., 1530 Chestnut St., Philadelphia, Pa., for the petitioner. Paul Waring, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: The Commissioner determined deficiencies in income and excess-profits taxes, as follows: Income
Excess-Profits
Year
Tax
Tax
1936
$41,860.88
$6,665.12
1937
13,387.13
In the notice of deficiency respondent also determined an overassessment for the year 1935 in the amount of $31,717.94. At the trial he moved that the proceeding, in so far as it relates to the taxable year 1935, be dismissed for lack of jurisdiction. The motion is hereby granted. . The remaining issues are: (1) Is the sum of $246,021.55, received by petitioner from the Freihofer Flour Mills in 1936, as an adjustment of the cost of flour delivered to petitioner in 1935, includible in its gross income for the year 1936? (2) Is the petitioner entitled to a dividend carry-over from the year 1936 to 1937? The basic facts have been stipulated and are found accordingly. We show in our findings only *126 those necessary for an understanding of the issues to be decided. Findings of Fact Petitioner is a corporation organized under the laws of Pennsylvania, with its principal office at Philadelphia, Pennsylvania. Its income tax returns for the years 1935, 1936 and 1937 were filed with the collector of internal revenue for the first district of Pennsylvania. Under the provisions of its charter petitioner's business was limited to "The manufacture of bread, cake, pies, macaroni, noodles and other bakery products." Its books were kept and its income tax returns were filed on an accrual basis. The Freihofer Flour Mills, a co-partnership, was formed during the year 1927. The members of the partnership were William J. Freihofer, Stanley H. Freihofer and H. Richard Dietrich. The partnership was organized as a medium to assure petitioner and another corporation, The William Freihofer Baking Company, a constant and uniform supply of quality flour necessary for their profitable operation, and petitioner received substantially all of its flour from it. The members of the partnership were also members of the board of directors of petitioner and the William Freihofer Baking Company. William J. *127 Freihofer was president of the William Freihofer Baking Company and vicepresident of petitioner and Stanley H. Freihofer was secretary of both corporations. The Freihofer Flour Mills kept its books and filed its returns on an accrual basis. During the year 1935 it engaged in the manufacture of flour and feed products. Under the Agricultural Adjustment Act it was subject to taxes on the first domestic processing of wheat. Upon the wheat so processed, Freihofer Flour Mills paid to the collector of internal revenue at Philadelphia, Pennsylvania, during the period July 9, 1933, through April 30, 1935, the sum of $959,313.60. Subsequent to April 30, 1935, Freihofer Flour Mills refused to pay any further processing taxes and on July 30, 1935, filed a Bill of Complaint and Petition for Declaratory Judgment, together with a motion for preliminary injunction against Walter J. Rothensies, collector of internal revenue, requesting that he be prohibited from collecting further processing taxes from it. During the period July 30, 1935, to March 23, 1936, restraining orders were in effect, restraining the collector from assessing or collecting any taxes due under the terms of the Agricultural *128 Adjustment Act on the processing of wheat by Freihofer Flour Mills. On July 31, 1935, Freihofer Flour Mills and Walter J. Rothensies entered into a Depository Agreement. Thereafter processing taxes, aggregating $348,630.30, plus 10 percent to cover any further liabilities that might arise out of interest charges and costs, or a total of $383,460.33, were deposited by Freihofer Flour Mills in an account with the Philadelphia National Bank. On January 6, 1936, the Supreme Court of the United States in the case of , held that the Agricultural Adjustment Act, as amended, was unconstitutional. All of the amounts deposited by Freihofer Flour Mills were retained in the custody of Philadelphia National Bank, Depository, until January 16, 1936, when the total of said account - $383,460.33 - was transferred to and deposited in, the account of Freihofer Flour Mills, partnership, in the bank. The sum of $383,460.33 was retained by Freihofer Flour Mills, partnership, until December of 1936, when $246,012.55 thereof was transferred by Freihofer Flour Mills to petitioner. During the year 1935 the petitioner received substantially *129 all of its flour from the Freihofer Flour Mills. Pursuant to agreements between petitioner and the partnership the flour was purchased on the basis of a temporary bill price the which was adjusted at the end of the year to the basis of cost. Cost included the processing tax imposed but not paid and deposited in escrow. During the period May 1 to December 31, 1935, petitioner paid to Freihofer Flour Mills as part of the cost of flour the sum of $246,021.53, this being the amount of processing taxes imposed on the flour purchased. The sum of $246,021.55 was deducted from gross income by petitioner on its original corporation income and excess profits tax return for the calendar year 1935 as a part of the "cost of goods sold." On August 14, 1937, petitioner filed an amended corporation income and excess profits tax return for the calendar year 1935, upon which there was reported, as additional income for that year, the sum of $246,021.55. An additional income tax in the amount of $32,418.94, shown to be due thereon, was paid to the collector of internal revenue. On August 9, 1939, petitioner filed with the collector of internal revenue for the first district of Pennsylvania a claim *130 for refund of income taxes for the calendar year 1935 in the amount of $32,418.94. Petitioner paid dividends on its outstanding preferred stock in the amount of $427,559 during 1936 and $279,040 during 1937. Opinion Respondent contends that the sum of $246,021.55 received by the petitioner from Freihofer Flour Mills during December of 1936, as reimbursement of processing taxes included in the cost of flour purchased by petitioner during the period May 1, 1935, to December 31, 1935, represents taxable income to petitioner in 1936. Petitioner contends that this amount had no connection whatsoever with any 1936 transactions and that it did not affect the income or expenses of that year; that it was a part of the costs of flour purchased during the year 1935; that the return thereof had the effect of reducing the cost of flour for the year 1935, thus increasing the net income for that year; and that it does not constitute taxable income for the year 1936. Petitioner places its principal reliance upon , and cases cited therein. (See also , *131 affirming .) In the Elliott case the petitioner, during 1934, paid approximately $9,000 for electric current and deducted that amount as an expense of operation in its income tax return for that year. Thereafter litigation ensued with respect to rates for electric current as a result of which petitioner, pursuant to court order, received, in 1939, a refund. Petitioner sought to have its gross income for 1934 increased by the portion of the refund allocated to that year. We permitted it to do so, and stated that the rates exacted by the Public Utilities Company were provisionally valid obligations, just as they would have been if enforced under a statute properly enacted but later held unconstitutional, and as such they justified the deduction of the amounts accrued and paid under them in the prior years. We also stated that "to the extent that these deductions may be adjusted in the light of our present knowledge of the invalidity of the rates and the consequent refund, this should be done; but where the statute of limitations set up a bar to such correction, the refund for those years must be treated as income when received." The principle *132 set forth in the Elliott case would probably justify a decision in favor of the petitioner. Since that case was decided, however, and subsequent to the trial and submission of briefs in the instant case, the Supreme Court has decided . Under that decision income tax liability must be determined for annual periods upon the basis of facts as they exist in each period. Both the government and the taxpayer must be denied "the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount." We construe the Security Flour Mills case to have overruled the Cannon Valley Milling Co. case and the E. B. Elliott case, upon which the decision of the Board in the Cannon Valley Milling Co. case had rested. Cf. . Inasmuch as petitioner kept its books and filed its returns on an accrual basis and since its right to receive the refund from the partnership *133 accrued in 1936, the respondent correctly determined that the amount thereof should have been accrued as income in 1936. The remaining issue is whether petitioner is entitled to a dividend carry-over credit from 1936 to 1937. Section 27 (b) of the Revenue Act of 1936 provides: SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID. * * * * *
(b) Dividend Carry-over. - In computing the dividends paid credit for any taxable year, if the dividends paid during the taxable year are less than the adjusted net income, there shall be allowed as part of the dividends paid credit, and in the following order: (1) Dividends paid during the second preceding taxable year in excess of the adjusted net income for such year, to the extent not needed as a dividends paid credit for the taxable year preceding the taxable year the tax for which is being computed; and (2) Dividends paid during the first preceding taxable year in excess of the adjusted net income for such year. No credit shall be allowed for dividends paid by a corporation prior to its first taxable year under this title. The respondent determined that petitioner's adjusted net income for 1937 was $396,167.36 and that it was entitled to *134 a dividends paid credit of $279,040. This left undistributed net income subject to surtax of $117,127.36 unless this amount should be reduced under the provisions of section 27 (b), supra, by a dividend carry-over from 1936. Petitioner's adjusted net income for 1936, as determined by the respondent, was $513,898.96 and the dividends paid during that year aggregated $427,559. It is obvious, therefore, that the required excess of dividends paid over adjusted net income which would entitle petitioner to a dividend carry-over from 1936 to 1937 is lacking unless our decision on the first issue were in favor of the petitioner. Such a decision would have reduced the adjusted net income for 1936 by the amount of the refund of $246,021.55 received by petitioner during that year. Our decision that the $246,021.55 constitutes income for 1936 leaves the amount of the adjusted net income for that year in excess of the amount of dividends paid, so no dividend carry-over credit to 1937 can be allowed. Decision will be entered for the respondent.